# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HEFFLIN, | * | |
| Petitioner, | * | CASE NO. 1: 05 -CV- 78 (WLS) |
| VS. | * | |
| | | CASE NO. 1:91-CR-17 (WLS) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Hefflin was originally sentenced in this court on January 17, 1992 to serve a period of 360 months imprisonment for firearms violations of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). [R. 32]  In response to Petitioner's Motion For Correction Of Illegal Sentence [R. 38], filed in this court on May 26, 1993, and characterized as Petitioner's first Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,  this court, on October 22, 1993, granted a downward revision in Petitioner's Sentence from 360 months to 210 months incarceration. [R. 46]   After Denial of Petitioner's Motion for Reconsideration, Petitioner appealed this courts Order of October 22, 1993.  The Eleventh Circuit Court of Appeals Affirmed the District Court's Modification of Petitioner's Sentence on June 16, 1995. [R. 59]

On October 7, 1996, Petitioner filed a second successive Section 2255 Motion [R. 61], which this court Denied by Order dated April 15, 1997. [R. 62]   Petitioner then filed on June 26, 1997,  Motion To Set Aside Illegal Enhancement pursuant to 28 U.S.C. § 2241[R. 64],

which was Dismissed as a Successive Petition without Court of Appeals authorization pursuant to 28 U.S.C. § 2255. [R. 65]  Petitioner then filed both a Notice of Appeal [R. 73] and an Application For Leave To File a Successive 2255 Petition [R. 66] with the Circuit Court.  The Eleventh Circuit Court of Appeals Dismissed Petitioner's Notice of Appeal and Denied Petitioner's Application To File A Successive 2255 Petition on March 5 1999. [R. 71]  Thereafter, Petitioner filed a Motion For Downward Departure on July 7, 1999 [R. 75], which the court characterized as yet another successive Section 2255 Motion, but Dismissed as time-barred by the AEDPA statute of limitations codified in 28 U.S.C. § 2255. [R. 81]  On August 2, 2002, Petitioner filed a Motion Pursuant to a Writ of Coram Nobis under 28 U.S.C. § 1651. [R. 82]  Petitioner's Motion Pursuant to a Writ of Coram Nobis sought to modify his criminal sentence.  It was characterized as another time-barred, unauthorized successive § 2255 Motion and Dismissed. [R. 89]  Petitioner did not appeal this decision.

On September 14, 2004, by way of Civil Rule 60(b) of the Federal Rules of Civil Procedure, Petitioner again sought Relief from his criminal Judgment and Sentence. [R. 95]. Again, Petitioner's Motion was characterized as a successive petition pursuant to § 2255 and Dismissed. [R.99].  Petitioner did not appeal this decision.

In his current collateral attack on his federal sentence, the Petitioner argues that he received ineffective assistance of counsel.  Petitioner's present action is clearly intended to collaterally attack his sentence, and as such must be viewed as a successive § 2255 petition for which he is well aware he must obtain the certification of the Eleventh Circuit Court of

Appeals to proceed. As the Petitioner is also fully aware, the AEDPA imposes significant restrictions on the filing of second or successive petitions for sentence relief. The last paragraph of § 2255, as amended April 24, 1996, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reason-able fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner's present motion does not comply with the requirements of 28 U.S.C. § 2255 or § 2244 as amended by the AEDPA, in regard to the requirement of certification from the Eleventh Circuit Court of Appeals, and this court has no statutory authority to consider Petitioner's successive motion. "Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir. 2000). See 28 U.S.C. § 2255.

WHEREFORE, IT IS RECOMMENDED, that Petitioner's fifth attempt to vacate his sentence under § 2255 be DISMISSED WITHOUT PREJUDICE so that he may apply to the Eleventh Circuit Court of Appeals for authorization to proceed in this court with a second or successive Motion under 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to the foregoing Recommendations with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of July 2005.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE